IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SHAKUR D. GANNAWAY, | : | CIVIL ACTION |
| | : | NO. 11-4748 |
| Petitioner, | : | |
| | : | |
| v. | : | |
| | : | |
| ROBERT J. MARSH, et al., | : | |
| | : | |
| Respondents. | : | |

## O R D E R

**AND NOW**, this **26th** day of **January, 2012,** upon
consideration of the Report and Recommendation of U.S.
Magistrate Judge Rice (ECF No. 8) and Petitioner's letter to the
Court (ECF No. 9), it is hereby **ORDERED** as follows:

(1) The Report and Recommendation (ECF No. 8) is
**APPROVED** and **ADOPTED;**

(2) Petitioner's objection to the Report and
Recommendation (ECF No. 9) is **OVERRULED;**[1]

---

[1]      In his letter to the Court, Petitioner objects to
dismissal without prejudice of his Habeas Petition because he
will be barred from raising his claims in the future.

Petitioner has not yet exhausted his claims in state
court. The Antiterrorism and Effective Death Penalty Act
("AEDPA") generally requires that a prisoner first exhaust his
available remedies in state court. See 28 U.S.C. § 2254(b).
Petitioner did not directly appeal his conviction. Habeas Pet.
6. However, Petitioner filed a pro se petition under
Pennsylvania's Post Conviction Relief Act ("PCRA petition") that
raises numerous constitutional challenges. The PCRA court
appointed counsel for Petitioner and has granted numerous

(3) The Petition for a Writ of Habeas Corpus (ECF No. 1) is **DENIED** and **DISMISSED WITHOUT PREJUDICE;**

(4) There is no probable cause to issue a Certificate of Appealability.[2]

**AND IT IS SO ORDERED.**

s/Eduardo C. Robreno
**EDUARDO C. ROBRENO, J.**

---

requests by Petitioner to extend the deadline to file an amended PCRA petition. The PCRA proceedings are pending.

When a prisoner files a mixed habeas petition, that is, where the petition contains both exhausted and unexhausted claims, the Court may stay the petition and hold it in abeyance pending exhaustion of the unexhausted claims. See Rhines v. Weber, 544 U.S. 269, 278 (2005). However, a petition containing only unexhausted claims is dismissed without prejudice to allow the prisoner an opportunity to exhaust his claims in state court. See McCabe v. Pennsylvania, 419 F. Supp. 2d 692, 696 (E.D. Pa. 2006) (Robreno, J.). Here, all of Petitioner's claims are unexhausted.

Therefore, the Habeas Petition will be dismissed without prejudice to allow Petitioner an opportunity to exhaust his claims in state court. Petitioner may file a renewed petition for a writ of habeas corpus after exhaustion of his state remedies and is advised of AEDPA's strict one-year statute of limitations. See 28 U.S.C. § 2244(d) (2006).

[2] Reasonable jurists "could not conclude either that [the Court] erred in dismissing the petition or that the petitioner should be allowed to proceed further." See Slack v. McDaniel, 529 U.S. 473, 484 (2000). Therefore, a certificate of appealability will not issue.